## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:               ) | Chapter 11 |
|  ) | |
| ANDERSON NEWS, LLC,  ) | |
|  ) | Case No. 09-10695 (CSS) |
| Debtor.  ) | |

| | |
|---|---|
| AMERICAN MEDIA, INC., BAUER ) | |
| MAGAZINE L.P., BAUER PUBLISHING ) | Adv. Proc. No.  11-53811 (CSS) |
| COMPANY, L.P., HEINRICH BAUER ) | |
| NORTH AMERICA, INC., HEINRICH ) | |
| BAUER PUBLISHING, L.P., CURTIS ) | |
| CIRCULATION COMPANY, LLC, KABLE ) | |
| DISTRIBUTION SERVICES, INC., and TIME ) | Case No. 15-mc-00199-UNA |
| WARNER RETAIL SALES & MARKETING, ) | |
| INC., on behalf of ANDERSON NEWS, LLC, ) | |
| DEBTOR and DEBTOR IN POSSESSION ) | |
|  ) | |
| Plaintiffs, ) | |
|  ) | |
| vs. ) | |
|  ) | |
| ANDERSON MANAGEMENT SERVICES, ) | |
| INC., ANDERSON MEDIA CORPORATION, ) | |
| ANDERSON NEWS COMPANY ) | |
| SOUTHWEST, LLC, ANDERSON ) | |
| SERVICES, LLC, BROOKVALE HOLDINGS ) | |
| LLC, DISPLAY SERVICES, INC., FIRST ) | |
| MEDIA CAPITAL CORPORATION, ) | |
| MSOLUTIONS, LLC, PROLOGIX ) | |
| DISTRIBUTION SERVICES EAST, LLC ) | |
| and TWIN RIVERS TECHNOLOGY GROUP, ) | |
| LLC, ) | |
|  ) | |
| Defendants. ) | |

## MOTION TO CONSOLIDATE THE REQUEST FOR
## AUTHORIZATION FOR INTERLOCUTORY APPEAL AND THE
## RELATED OBJECTION UNDER BANKRUPTCY RULE 9033

Anderson Media Corporation ("**Anderson Media**"), Anderson News Company

Southwest, LLC ("**Anderson News Southwest**"), Anderson Services, LLC ("**Anderson**

**Services**"), Brookvale Holdings, LLC ("**Brookvale**"), and First Media Capital Corporation

("**FMC**," and collectively with Anderson Media, Anderson News Southwest, Anderson Services, and Brookvale, the "**Consolidation Movants**" or "**Movants**") file this motion to consolidate (the "**Consolidation Motion**") two directly related matters, one of which is currently pending before this District Court and the other which has not yet been docketed in this Court but is expected to be very soon.  The Consolidation Motion is made pursuant to Federal Rule of Bankruptcy Procedure 8013.  The two matters that should be consolidated for consideration because they deal with the same factual and legal issues are the request for authorization for an Interlocutory Appeal (the "**Interlocutory Appeal Motion**") and the directly related objection under Federal Rule of Bankruptcy Procedure 9033 (the "**Rule 9033 Objection**")[1].  Both the Interlocutory Appeal Motion and the Rule 9033 Objection arise out of the Bankruptcy Court's July 8, 2015 Order (Bankruptcy D.I. 265, 266).  A copy of the July 8, 2015 Order is attached as <u>Exhibit A</u> hereto.  A copy of the Interlocutory Appeal Motion and the Rule 9033 Objection are attached respectively as <u>Exhibit B</u> and <u>Exhibit C</u> hereto.

## I.  SUMMARY OF COMMON QUESTIONS OF LAW AT ISSUE

In both the Interlocutory Appeal Motion and the Rule 9033 Objection, the Movants seek targeted, limited relief.  First, the Movants seek an order excising the Bankruptcy Court's statement in its July 8, 2015 Order that "this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)," because this is legally incorrect under *Executive Benefits Insurance Agency v. Arkison*, 134 S. Ct. 2165 (2014) ("**Arkison**").  As explained in the Interlocutory Appeal Motion and the Rule 9033 Objection and below, the determination that the bankruptcy adversary proceeding is "core" is not correct legally under the Supreme Court's binding decisions in *Arkison* and *Stern v. Marshall*, 131 S. Ct. 2594 (2011) ("**Stern**") even though the fraudulent conveyance claims asserted in Count XVI of the Complaint in the Adversary Proceeding are

---

[1]        The Response to the Rule 9033 Objection has already been docketed in this case as Docket Entry #3.

"core" under 28 U.S.C. § 157(b)(2)(H). These matters are "*Stern* claims" under *Arkison* because FMC, Anderson Media, Anderson Services, and Anderson News Southwest[2] did not file proofs of claim in the Anderson News bankruptcy case (the "**Bankruptcy Case**") and have not consented, either explicitly or implicitly, to the exercise of judicial power or the entry of final orders by the Bankruptcy Court. This is not in dispute, and the Movants have consistently been explicit in not consenting to the Bankruptcy Court's exercise of judicial power or the entry of final orders. *See Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015) ("**Wellness**").[3] Thus, *Arkison* applies fully.

Second, because *Arkison* controls this case, the Movants seek an order requiring the Bankruptcy Court to recast its July 8, 2015 Order as proposed findings of fact and conclusions of law because under the Supreme Court's binding decisions in *Arkison* and *Stern,* the Bankruptcy Court cannot enter an order with respect to the Movants as the July 8, 2015 Order purports to do, but instead is required to issue proposed findings of fact and conclusions of law.[4] As the Supreme Court's explained in *Arkison*:

> Accordingly, because these *Stern* claims fit comfortably within the category of claims governed by *§ 157(c)(1)*, the Bankruptcy Court would have been permitted to follow the procedures required by that provision, *i.e.*, to submit proposed findings of fact and conclusions of law to the District Court to be reviewed *de novo*.

---

[2]     This same analysis applies to Brookvale because the claims against it are outside the scope of its proof of claim, and because no objection has been filed to its proof of claim.

[3]     *See also Motion to Withdraw the Reference* (Bankr. D.I. 17)*; Motion to Stay Adversary Proceeding* (Bankr. D.I. 18); *Motion to Determine Core and Non-Core Status of Claims* (Bankr. D.I. 19); *Motion to Dismiss* (Bankr. D.I. 20); Scheduling Orders (Bankr. D.I. 57, 167, 183, 188, 199); *Motions to Vacate* (Bankr. D.I. 66, 123); Rule 9033 Objections (Bankr. D.I. 67, 124); Answers of Anderson Media, Anderson News Southwest, Anderson Services, Brookvale, and FMC (Bankr. D.I. 70, 71, 72, 73, 77); and Motion for Summary Judgment on Count XVI and related submissions (Bankr. D.I. 195, 204, 224).

[4]     The need to properly recast orders, such as the July 8, 2015 Order, as Proposed Findings of Fact and Conclusions of Law was recognized earlier this year by Chief Bankruptcy Judge Shannon in *Gavin v. Tousignant (In re Ultimate Escapes Holdings, LLC)*, No. 10-12915, Adv. No. 12-50849, 2015 WL 1586644 (Bankr. D. Del. Feb. 5, 2015) when that court withdrew an order and reissued it as Proposed Findings of Fact and Conclusions of Law. *See also SNMP Research International, Inc. v. Nortel Networks Inc. (In re Nortel Networks Inc.)*, 2015 WL 3506697 (Bankr. D. Del. June 2, 2015).

3

134 S. Ct. at 2174.

The Movants first filed their Rule 9033 Objection on July 15, 2015, requesting the substantive relief detailed above.  Out of an abundance of caution, the Movants then filed their Interlocutory Appeal Motion on July 24, 2015, to ensure that if the Rule 9033 Objection was not considered by the District Court for any reason, they would then proceed with their request that the July 8, 2015 Order be subject to interlocutory appeal and substantive review by this Court, as an Article III Court, under applicable law.

It is relevant to note that the Movants are not appealing the denial of their Motion for Summary Judgment.  Thus, the technical legal issue being presented is limited, but is nonetheless significant in the context of the law in applying the ruling in *Arkison* consistent with *Wellness* and *Stern*.  As the Rule 9033 Objection and the Interlocutory Appeal Motion each address and request relief concerning this identical question of law, consolidation is appropriate.

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The underlying Adversary Proceeding involves a Complaint that seeks to avoid certain transfers under the Bankruptcy Laws and Delaware's Uniform Fraudulent Transfer Act, Del. Code Ann. tit. 6, § 1301 *et. seq.*  The Complaint was filed after the Bankruptcy Court granted derivative standing to the Plaintiffs to pursue potential avoidance claims specifically identified in the Report of Don A. Beskrone, Esquire (the "**Examiner's Report**"), the Examiner for the Bankruptcy Estate of Anderson News, LLC (the "**Debtor**").

The Movants filed a Motion for Summary Judgment (Bankruptcy D.I. 195, 196, 200, 201, 202, 204, 205, 207, 224, 225, 228, 229, 230) in reliance on *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) and *Executive Benefits Insurance Agency v. Arkison*, 134 S. Ct. 2165 (2014), and asked that a recommendation be made to the District Court to enter summary judgment on Count XVI of the Complaint.  Specifically, the first page of the Motion for Summary Judgment

4

on Count XVI states the following:

> As contemplated by the United States Supreme Court's decisions in *Stern v. Marshall*, 564 U.S. 2 (2011) and *Executive Benefits Insurance Agency v. Arkison*, 134 S. Ct. 2165 (2014), the Bankruptcy Court may issue proposed findings of fact and conclusions of law on the instant motion for summary judgment with final relief being required to be issued by a United States District Court Judge.  In brief, Count XVI is deemed non-core under *Arkison* and only the District Court may enter a final order because the [Movants] have not consented to entry of final orders by the Bankruptcy Court and have not filed proofs of claims in the Debtor's bankruptcy case.

> The Conclusion in the Brief in Support stated that:

> The [Movants] are entitled to have the Bankruptcy Court issue proposed findings of fact and conclusions of law recommending that the District Court grant summary judgment on Count XVI, and that the District Court then issue a final order granting the [Movants] summary judgment on Count XVI.

After briefing and oral argument on June 11, 2015, the Bankruptcy Court issued an order denying the Motion for Summary Judgment (D.I. 251).  On June 18, 2015, the Movants moved to alter and amend to request changes to the June 11, 2015 Order (D.I. 255, 256) (the "**Motion to Alter and Amend**").

Additionally, on June 18, 2015, the Movants moved to (i) extend the time period to object to the June 11, 2015 Order for 21 days as contemplated by Rule 9033(c) and (ii) to shorten the time that the Plaintiffs had to respond to the Motion to Alter and Amend.[5]

Although the Bankruptcy Court granted the June 18, 2015 Motion to Alter and Amend, in part, the continued inclusion of a finding that "this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)" without recognition of the fact that under *Arkison,* the ruling can only be proposed findings of fact and conclusions of law, formed the basis for the Interlocutory Appeal Motion.[6]

On July 15, 2015, the Movants filed their Rule 9033 Objection to substantively ensure the

---

[5]     The Plaintiffs consented to the relief.  Accordingly, the Bankruptcy Court entered an order granting the relief that afternoon (the "**June 18, 2015 Order**")  (D.I. 260).

[6]     In granting the Motion to Alter and Amend, in part, the Bankruptcy Court deleted the provision in the June 11, 2015 Order that "the Court has judicial power to enter a final order."

same relief sought in the Interlocutory Appeal Motion, which is a recognition that the claims asserted against the Movants are non-core under *Arkison* and that the Bankruptcy Court can only enter proposed findings of fact and conclusions of law.

The filing of the Interlocutory Appeal Motion was precautionary for the Movants because the Consolidation Movants believe that the provisions for interlocutory appeals under 28 U.S.C. § 158(a)(3) are not applicable here because Bankruptcy Rule 9033 is applicable under *Arkison,* and thus maintained that the Interlocutory Appeal Motion should be considered if, and only if, the District Court determines that the procedures of Bankruptcy Rule 9033 do not apply to the July 8, 2015 Order for any reason. Because the request for Interlocutory Appeal has been docketed in this Court first in Case No. 15-mc-00199-UNA, even though filed after the Rule 9033 Objection, it is appropriate to consolidate the two pending matters and consider then together. The docket in this case already reflects recognition of this relationship as the Response in opposition to the Rule 9033 Objection has been docketed in this case as Docket Entry No. 3. The Rule 9033 Objection (Bankruptcy D.I. 266) should also be made part of the record in this case as it preceded the Response at D.I. 3. As discussed below, the common question involved in the Interlocutory Appeal Motion and Rule 9033 Objection is whether under the controlling decision in *Arkison,* the language in the July 8, 2015 Order stating that the issue before the Bankruptcy Court is "core" must be amended or deleted to recognize that when *Stern* claims are presented under *Arkison*, the matter is not core but is to be treated as being "non-core," and thus whether the July 8, 2015 Order must be recast as proposed findings of facts and conclusions of law.[7]

## III.    RELIEF REQUESTED

In considering consolidation under Bankruptcy Rule 8013 in an appellate context, it is

---

[7]        *See Arkison, supra* at p. 4, 134 S. Ct. at 2174.

appropriate to look at Federal Rule of Civil Procedure 42 for general guidance.  Federal Rule 42(a) provides, in relevant part:  "If actions before the Court involve a common question of law or fact the court may: . . . (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a).  Under Federal Rule 42(a), "district courts have 'broad power' to consolidate cases that share 'common question[s] of law or fact.'"  *A.S. v. SmithKline Beecham Corp.*, 769 F.3d 204, 212, (3d Cir. 2014) (quoting *Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964)).  Further, consolidation of bankruptcy appeals is contemplated by Bankruptcy Rule 8003(b).[8]

Here, as discussed above, the issues raised in the Rule 9033 Objection and the Interlocutory Appeal Motion involve identical questions of law:  Does *Arkison* require excising the Bankruptcy Court's statement in its July 8, 2015 Order that "this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)," because this is legally incorrect under *Arkison,* and also that under *Arkison*, the July 8, 2015 Order must be recast or treated as proposed findings and conclusions subject to *de novo* review by the District Court Judge as an Article III Judge?[9]  The efficiency in consolidating the Interlocutory Appeal Motion and the Rule 9033 Objection are basic and clear.

---

[8]       The Bankruptcy Rules changed during this case.  Former Bankruptcy Rule 8003 is now Bankruptcy Rule 8004.  The instant reference to Bankruptcy Rule 8003 is thus to the current rule.

[9]       On page 3, ¶3, of the Response to the Interlocutory Appeal Motion, the Respondents state that the Movants "argue that, under [*Stern*] and [*Arkison*], bankruptcy courts lack authority to preside over pretrial matters or even enter any non-final orders such as denials of motions for summary judgment in adversary proceedings."  That is not a correct statement of the argument being made.  The argument under *Arkison* is that in *Stern* matters such as the case *sub judice*, the Stern claims make the otherwise "core" issues be deemed to be "non-core" because of the absence of Article III judicial authority so that while the bankruptcy court cannot enter orders, it can enter proposed findings of fact and conclusions of law which are then subject to objection and mandatory *de novo* review under Bankruptcy Rule 9033.  Neither the plain language of Rule 9033 nor 28 U.S.C. § 157(c)(1) contain a final order requirement, and the constitutional issues raised by *Arkison, Wellness,* and *Stern* require and entitle substantive *de novo* review by an Article III Court whether or not a ruling is final.  Bankruptcy Rule 9033(a) states in relevant part "In non-core proceedings heard pursuant to 28 U.S.C. §157(c)(1), the bankruptcy judge shall file proposed findings of fact and conclusions of law;" and 28 U.S.C. § 157(c)(1) states in relevant part "A bankruptcy judge may hear a proceeding that is ***not a core proceeding*** but that is otherwise related to a case under title 11.  In ***such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court***," (emphasis added).  *See United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241-242 (1989).

Consolidation of proceedings is appropriate when consolidation would avoid unnecessary costs and/or delay and promote judicial economy. *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 80-81 (D.N.J. 1993). Indeed, the court must weigh the savings of time and effort gained by consolidation against the inconvenience, delay or expense that could result from adjudication of separate appeals. *See Waste Distillation Tech., Inc. v. Pan American Resources, Inc.*, 775 F. Supp. 759, 761 (D. Del. 1991). Consolidation is intended to "eliminate unnecessary repetition and confusion." *Miller v. United States Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984).

Consolidating these matters will do just that—eliminate the need for unnecessary and repetitive consideration of identical issues, and therefore preserve judicial economy. In the instant case, judicial economy and administrative efficiency favor consolidating the Rule 9033 Objection and the Interlocutory Appeal Motion.

In considering the request to consolidate the Rule 9033 Objection and the Interlocutory Appeal Motion, it should be noted that they involve the same parties and the same issues. Further, to the extent the Rule 9033 Objection is decided by the District Court, the relief sought in the Interlocutory Appeal Motion will become moot if it is granted and *Arkison* is followed because no further substantive relief is at issue. Consolidating the Rule 9033 Objection and the Interlocutory Appeal Motion into a single matter will not inconvenience, delay or prejudice the parties. The briefing is complete and if the District Court wants any additional briefing, it can be addressed at a single time.

## IV.    CONCLUSION

For the reasons addressed above, consolidation of the Rule 9033 Objection and the Interlocutory Appeal Motion represents the most logical and efficient use of this Court's resources and time. The Movants respectfully request that the District Court consolidate the

Rule 9033 Objection and Interlocutory Appeal Motion because they involve a common question

of law that can efficiently and economically be addressed on a consolidated basis, and that the

Movants be granted such other and further relief as may be just and proper.

Dated:  August 10, 2015                            Respectfully submitted,
Wilmington, Delaware

                                                   */s/ Domenic E. Pacitti*
                                                   **KLEHR HARRISON HARVEY &**
                                                   **BRANZBURG LLP**
                                                   Domenic E. Pacitti (Bar No. 3989)
                                                   919 Market Street, Suite 1000
                                                   Wilmington, Delaware 19801-3062
                                                   Telephone:     (302) 552-5511
                                                   Facsimile:     (302) 426-9193

                                                   Morton R. Branzburg
                                                   1835 Market Street, Suite 1400
                                                   Philadelphia, PA 19103
                                                   Telephone: (215) 568-6060
                                                   Facsimile: (215) 568-6603

                                                             – and –

                                                   ALSTON & BIRD LLP
                                                   Grant T. Stein
                                                   David A. Wender
                                                   1201 West Peachtree Street
                                                   Atlanta, Georgia 30309
                                                   Telephone: (404) 881-7000
                                                   Facsimile: (404) 881-7777

                                                   *Counsel to Anderson Media Corporation,*
                                                   *Anderson News Company Southwest, LLC,*
                                                   *Anderson Services, LLC, Brookvale Holdings,*
                                                   *LLC, and First Media Capital Corporation*