IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE:<br>ANDERSON NEWS, LLC,<br><br>Debtor. | Bankr. Case No. 09-10695-CSS |
| AMERICAN MEDIA, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ANDERSON MANAGEMENT SERVICES, INC,<br>*et al.*,<br><br>Defendants. | Adv. Pro. No. 11-53811-CSS<br>Civ. No. 15-mc-199-LPS |

## **MEMORANDUM ORDER**

At Wilmington this 19th day of August, 2015:

Having reviewed Defendants' (I) Conditional Motion Under 28 U.S.C. § 158(a) and Federal Rule of Bankruptcy Procedure 8003 to Allow Interlocutory Appeal of the July 8, 2015 Order (the "Conditional Motion") (D.I. 1); (II) Defendants' Objection Pursuant to Federal Rule of Bankruptcy Procedure 9033(b) to the July 8, 2015 Order Denying the Motion for Summary Judgment on Count XVI (the "Rule 9033 Objection") (D.I. 5); and (II) Defendants' Motion to Consolidate (D.I. 4); and having further reviewed Plaintiffs' briefs in response (D.I. 2; D.I. 3);

For the reasons stated below, IT IS HEREBY ORDERED that:

1. Defendants' Conditional Motion for Interlocutory Appeal (D.I. 1) is **DENIED**;

2. Defendants' Rule 9033 Objection (D.I. 5) is **DISMISSED**;

3. Defendants' Motion to Consolidate (D.I. 4) is **DISMISSED AS MOOT**; and

4. The Clerk of Court is directed to **CLOSE** this case.

Plaintiffs are a group of creditors in the above-captioned bankruptcy case that have filed an Adversary Complaint (Adv. Pro. No. 11-53811, D.I. 1) against Defendants seeking to avoid certain transfers they allege to be fraudulent. (D.I. 5 at 4) Defendants seek this Court's review of a July 8, 2015 Order of the United States Bankruptcy Court for the District of Delaware denying their motion for summary judgment on Count XVI of the Adversary Complaint. (D.I. 1-2) Although Defendants disagree with the Bankruptcy Court's decision on the merits, they appeal exclusively to dispute language in the July 8, 2015 Order stating that "this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)." (D.I. 1 at 3) Defendants request that this Court mandate that the Bankruptcy Court amend its July 8, 2015 Order to instead state that "this is a non-core proceeding . . ." and recast it as "Proposed Findings of Fact and Conclusions of Law." (*Id.* at 4)

Procedurally, Defendants seek this outcome through two alternative approaches. First, they have filed a "Conditional" Motion for Interlocutory Appeal. (D.I. 1) Second, Defendants have filed the Rule 9033 Objection, and request that the Court should only consider the Conditional Motion "if, and only if, the [Court] determines that the procedures of Bankruptcy Rule 9033 do not apply to the July 8, 2015 Order for any reason." (D.I. 1 at 2; D.I. 5) Defendants raise the identical underlying argument in both the Rule 9033 Objection and the Conditional Motion. (*Compare* D.I. 1 at 3–5 *with* D.I. 5 at 2–4) Defendants contend that Count XVI of the Complaint is a non-core *Stern*[1] claim and that they have not consented to the Bankruptcy Court's authority to enter final judgment on that claim. Defendants interpret the language in the July 8, 2015 Order to indicate that the Bankruptcy Court has erroneously found that it possesses authority to enter final judgment on Count XVI. (D.I. 1 at 3–5; D.I. 5 at 2–4)

---

[1] Referring to the type of claim recognized by *Stern v. Marshall*, 131 S. Ct. 2594 (2011).

2

Defendants' Rule 9033 Objection is improper because the July 8, 2015 Order does not represent the Bankruptcy Court's proposed findings of fact or conclusions of law. (D.I. 1-2) The Bankruptcy Court neither styled the July 8, 2015 Order as such, nor did it submit the Order to this Court for review for final judgment under Fed. R. Bankr. P 9033(a). (*Id.*; *see also* 28 U.S.C. § 157(c)(1); Fed. R. Bankr. P. 9033(a)) This was procedurally appropriate because the Order -- which denied Defendants' request for summary judgment -- was not a final order for purposes of bankruptcy appeals under 28 U.S.C. § 158(a).[2] *See In re White Beauty View, Inc.*, 841 F.2d 524, 526 (3d Cir. 1988) (citing *In re Smith*, 735 F.2d 459, 461 (11th Cir. 1984)); *In re Coram Healthcare Corp.*, 2007 WL 643325, at *1 (D. Del. Mar. 1, 2007).

Defendants' premise that the July 8, 2015 Order somehow creates a *Stern* conflict is misplaced. *Stern* addressed the Bankruptcy Court's authority to hear and enter *final* judgments on a specific subset of claims. *See Stern*, 131 S. Ct. at 2602; *see also Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2172–73 (2014) ("By definition, a *Stern* claim may not be adjudicated to final judgment by the bankruptcy court, as in a typical core proceeding."). Even if the Bankruptcy Court lacks constitutional authority to enter a *final* judgment on Count XVI of Plaintiffs' claim,[3] there is no constitutional constraint preventing it from entering interlocutory orders, such as the July 8, 2015 Order, regarding that same claim. *See Boyd v. King Par, LLC*, 2011 WL 5509873, at *2 (W.D. Mich. Nov. 10, 2011) ("[E]ven if there is uncertainty regarding the bankruptcy court's ability to enter a final judgment . . . that does not deprive the bankruptcy

---

[2] The Bankruptcy Court has already granted in part Defendants' Motion to Alter and Amend, removing language from its Order stating that "the Court has judicial power to enter a final order." (D.I. 1 at 3 n.2)

[3] The Court expresses no opinion as to whether Count XVI raises a *Stern* claim or whether Plaintiffs' have appropriately withheld consent to the Bankruptcy Court's authority to enter final judgments on that claim.

3

court of the power to entertain all pre-trial proceedings, including summary judgment motions.");  *In re Trinsum Grp., Inc.*, 467 B.R. 734, 739 (Bankr. S.D.N.Y. 2012) ("After *Stern v. Marshall*, the ability of bankruptcy judges to enter interlocutory orders in non-core proceedings, or in core proceedings as to which the bankruptcy court may not enter final orders or judgments consistent with Article III absent consent, has been reaffirmed by the courts . . . ."). For the same reason, Defendants' reliance on *Gavin v. Tousignant* (*In re Ultimate Escapes Holdings, LLC*), 2015 WL 1586644 (Bankr. D. Del. Feb. 5, 2015), is unavailing. (*See* D.I. 1 at 4 n.5) In that case, the order that the Bankruptcy Court recast as proposed findings of fact and conclusions of law was a post-trial final judgment -- clearly the type of decision subject to *Stern* implications. *See Gavin*, 2015 WL 1586644, at *1.

The Court finds no basis for Defendants' Rule 9033 Motion and it will be dismissed.

Moreover, Defendants have not met their burden to demonstrate that an appeal would involve a controlling question of law for which there are substantial grounds for a difference of opinion. Therefore, the Court will deny their request for leave to appeal from an interlocutory order. *See* 28 U.S.C. § 158(a); *In re Kaiser Grp. Int'l, Inc.*, 400 B.R. 140, 145 (D. Del. 2009).

August 19, 2015
Wilmington, Delaware

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE