# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

_____

|  |  |  |
|---|---|---|
| AMERICAN MEDIA, INC., BAUER MAGAZINE L.P., BAUER PUBLISHING COMPANY, L.P., HEINRICH BAUER NORTH AMERICA, INC., HEINRICH BAUER PUBLISHING, L.P., CURTIS CIRCULATION COMPANY, LLC, KABLE DISTRIBUTION SERVICES, INC., and TIME WARNER RETAIL SALES & MARKETING, INC., on behalf of ANDERSON NEWS, LLC, | ) ) ) ) ) ) ) ) ) ) | Civil Action No.  15-mc-199-LPS |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| ANDERSON MANAGEMENT SERVICES, INC., ANDERSON MEDIA CORPORATION, ANDERSON NEWS COMPANY SOUTHWEST, LLC, ANDERSON SERVICES, LLC, BROOKVALE HOLDINGS, LLC, DISPLAY SERVICES, INC., FIRST MEDIA CAPITAL CORPORATION, MSOLUTIONS, LLC, PROLOGIX DISTRIBUTION SERVICES EAST, LLC and TWIN RIVERS TECHNOLOGY GROUP, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) | Bankruptcy Case No. 09-10695 (CSS)<br><br>Adv. Proc. No.  11-53811 (CSS) |
| Defendants. | ) | |

_____

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
RECONSIDER THE AUGUST 20, 2015 MEMORANDUM ORDER
(D.I. 6) DISMISSING THE JULY 15, 2015 OBJECTION MADE PURSUANT
TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9033(b) AND DENYING
THE JULY 21, 2015 CONDITIONAL MOTION TO ALLOW INTERLOCUTORY
APPEAL OF THE JULY 8, 2015 ORDER OF THE BANKRUPTCY COURT**

Dated: September 2, 2015

## <u>TABLE OF CONTENTS</u>

I.    BASIS FOR RELIEF ................................................................................................. 1

II.   STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS ........................... 2

III.  LEGAL ARGUMENT .............................................................................................. 5

      a.    The Legal Standard to Evaluate a Motion for Reconsideration. ........................... 5

      b.    Reconsideration Is Necessary To Prevent Manifest Injustice And Correct
          A Clear Error Of Law ........................................................................................ 6

IV.   CONCLUSION ..................................................................................................... 14

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*In re Armstrong Store Fixtures Corp.*,
    139 B.R. 347 (Bankr. W.D. Pa. 1992)........................................................................5

*Atlantic States Legal Found., Inc. v. Karg Bros., Inc.*,
    841 F. Supp. 51 (N.D.N.Y. 1993) ...........................................................................5

*Bowsher v. Synar*,
    478 U.S. 714, 106 S. Ct. 3181, 92 L.Ed.2d 583 (1986) ..............................................9

*Boyd v. King Par, LLC*,
    No. 1:11-cv-1106, 2011 WL 5509873 (W.D. Mich. Nov. 10, 2011)................................11-12

*Burger King Corp. v. New England Hood & Duct Cleaning Co.*,
    No. 98-3610, 2000 WL 133756 (E.D. Pa. Feb. 4, 2000)..............................................6

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ...........................................................................................2

*Collins v. Foreman*,
    729 F.2d 108 (2d Cir. 1984) ..................................................................................6

*In re Coram Healthcare Corp.*,
    2007 WL 643325 (D. Del. Mar. 1, 2007) ..............................................................9-10

*Dev. Specialists, Inc. v. Orrick, Herrington & Sutcliffe, LLP (In re Coudert Bros., LLP)*,
    No. 11-civ-6337(CM), 2011 WL 6780600 (S.D.N.Y. Dec. 23, 2011)...............................8

*Drake v. Steamfitters Local Union No. 420*,
    No. 97–585, 1998 WL 564486 (E.D. Pa. Sept. 3, 1998), *aff'd*, 242 F.3d 370 (3d Cir. 2000) ..5

*EEOC v. Lockheed Martin Corp.*,
    116 F.3d 110 (4th Cir. 1997) .................................................................................5

*Executive Benefits Insurance Agency v. Arkison*,
    134 S. Ct. 2165 (2014) ................................................................................ *Passim*

*Fields v. Wash. Metro. Area Transit Auth.*,
    743 F.2d 890 (D.C. Cir. 1984).................................................................................6

*Gairola v. Va. Dep't of Gen. Servs.*,
    753 F.2d 1281 (4th Cir. 1985).................................................................................6

ii

*Geras v. Lafayette Display Fixtures, Inc.*,
    742 F.2d 1037 (7th Cir. 1984) ................................................................. 6

*Goldstein v. Kelleher*,
    728 F.2d 32 (1st Cir. 1984) ..................................................................... 6

*Granfinanciera, S.A. v. Nordberg*,
    492 U.S. 33 (1989) ................................................................................. 9

*Harrison v. Coker*,
    587 Fed. App'x. 736 (3d Cir. 2014) ......................................................... 2

*Harsco Corp. v. Zlotnicki*,
    779 F.2d 906 (3d Cir. 1985), *cert. denied,* 476 U.S. 1171 (1986) ........... 5

*K.M.C. Co. v. Irving Trust Co.*,
    757 F.2d 752 (6th Cir. 1985) ................................................................... 6

*Lehman Bros. Kuhn Loeb, Inc. v. Clark Oil & Ref. Corp.*,
    739 F.2d 1313 (8th Cir. 1984) (*en banc*) ............................................... 6

*Mobil Oil Corp. v. Amoco Chems. Corp.*,
    915 F. Supp. 1333 (D. Del. 1995) ........................................................... 5

*Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*,
    458 U.S. 50 (1982) ............................................................................ 7, 13

*Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc.*,
    725 F.2d 537 (9th Cir. 1984) (*en banc*) ................................................. 6

*Puryear v. Ede's, Ltd.*,
    731 F.2d 1153 (5th Cir. 1984) ................................................................. 6

*Roell v. Withrow*,
    538 U.S. 580 (2003) ............................................................................... 6

*Sabatini v. Its Amore Corp.*,
    455 Fed. App'x. 251 (3d Cir. 2011) ......................................................... 5

*In re Smith*,
    735 F.2d 459 (11th Cir. 1984) ............................................................... 10

*In re Trinsum Grp., Inc.*,
    467 B.R. 734 (Bankr. S.D.N.Y. 2012) .................................................... 11

*United States v. Raddatz*,
    447 U.S. 667 (1980) ...................................................................... 7, 9, 13

iii

*United States v. Ron Pair Enters., Inc.,*
    489 U.S. 235 (1989) ...................................................................................13-14

*Wellness Int'l Network, Ltd. v. Sharif,*
    135 S. Ct. 1932 (2015) .........................................................................8-9, 12, 14

*Wharton-Thomas v. United States,*
    721 F.2d 922 (3d Cir. 1983) ...................................................................6-7

*In re White Beauty View, Inc.,*
    841 F.2d 524 (3d Cir. 1988) .....................................................................9

## STATUTES

28 U.S.C.S. § 158(a)(3) ...................................................................................11

28 U.S.C. § 157(b)(2) .......................................................................................3

28 U.S.C. § 157(c) ...................................................................................10-11

28 U.S.C. § 157(c)(1) .................................................................................12-13

28 U.S.C. § 158(a) ...........................................................................................10

28 U.S.C. § 636(b)(1) ..................................................................................7, 14

28 U.S.C. § 636(b)(1)(A) ..............................................................................7-8

28 U.S.C. § 636(c) ...........................................................................................7

11 U.S.C. § 544 ...............................................................................................2

Uniform Fraudulent Transfer Act, Del. Code Ann. tit. 6, § 1301 *et. seq.* .......................2

## RULES OF PROCEDURE

Bankruptcy Rule 9033(a)..................................................................................12

Federal Rule of Civil Procedure 52(b) .............................................................11

Bankruptcy Rule 9033(b) ..................................................................................1

Federal Rule of Civil Procedure 59(e).............................................................1

D. Del. LR 7.1.1 ...........................................................................................15

Federal Rule of Civil Procedure 54(b) ...........................................................10

Bankruptcy Rule 7054..................................................................................10-11

Bankruptcy Rule 7056 ................................................................................................................ 3

Bankruptcy Rule 9033(c) and (ii) .............................................................................................. 3

Pursuant to Federal Rule of Civil Procedure 59(e), the Rule 9033 Objectors hereby file this Reconsideration Motion requesting that the United States District Court for the District of Delaware (the "**District Court**") reconsider the August 20, 2015 Memorandum Order (D.I. 6) (the "**August 20, 2015 Order**") dismissing the July 15, 2015 Objection Made Pursuant To Federal Rule Of Bankruptcy Procedure 9033(b) and denying the Rule 9033 Objectors' July 21, 2015 Conditional Motion To Allow Interlocutory Appeal Of The July 8, 2015 Order.   The August 20, 2015 Order disposed of three related matters: the July 15, 2015 objection under Federal Rule of Bankruptcy Procedure 9033 (the "**Rule 9033 Objection**") (D.I. 5); the directly related July 21, 2015 request for authorization for an Interlocutory Appeal (the "**Conditional Interlocutory Appeal Motion**") (D.I. 1); and the Motion to Consolidate (D.I. 4).[1]  Both the Rule 9033 Objection and the Conditional Interlocutory Appeal Motion arise out of the United States Bankruptcy Court for the District of Delaware's (the "**Bankruptcy Court**") July 8, 2015 Order (Bankruptcy D.I. 265, 266) (the "**July 8, 2015 Order**").   A copy of the July 8, 2015 Order is attached as Exhibit A hereto.   A copy of the Rule 9033 Objection and the Conditional Interlocutory Appeal Motion are attached respectively as Exhibit B and Exhibit C hereto, and a copy of the Motion to Consolidate is attached as Exhibit D hereto.

In support of the Reconsideration Motion, the Rule 9033 Objectors state as follows:

## I.  BASIS FOR RELIEF

This Court may reconsider the August 20, 2015 Order pursuant to Federal Rule Of Civil Procedure 59(e) based on "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent

---

[1]   The Motion to Consolidate was dismissed as moot.  Its purpose was to deal with the unusual fact that the later filed Condition Interlocutory Appeal Motion was docketed after the prior filed Rule 9033 Objection.

manifest injustice." *Harrison v. Coker*, 587 Fed. App'x. 736, 740 (3d Cir. 2014) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

The Rule 9033 Objectors respectfully submit that reconsideration is necessary to prevent "manifest injustice" and address a "clear error of law" because the August 20, 2015 Order deprived the Rule 9033 Objectors' of their Constitutional right to proceed before an Article III Judge and failed to comport with the controlling Supreme Court decision in *Executive Benefits Insurance Agency v. Arkison*, 134 S. Ct. 2165 (2014).

II.     STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS[2]

The underlying Adversary Proceeding involves a Complaint that seeks to avoid certain transfers under the Bankruptcy Laws and through Section 544 of the Bankruptcy Code, 11 U.S.C. § 544, Delaware's Uniform Fraudulent Transfer Act, Del. Code Ann. tit. 6, § 1301 *et. seq.*[3]

The Rule 9033 Objectors filed a Motion for Summary Judgment in the Adversary Proceeding (Bankruptcy D.I. 195, 196, 200, 201, 202, 204, 205, 207, 224, 225, 228, 229, 230) in reliance on *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) and *Executive Benefits Insurance Agency v. Arkison*, 134 S. Ct. 2165 (2014).  The Rule 9033 Objectors have never consented to jurisdiction in the Bankruptcy Court and have insisted upon their right under the United States Constitution to a determination of this civil action before an Article III Judge.  The Rule 9033

---

[2]     A complete statement of the facts and history of the proceedings are contained in the Rule 9033 Objection and the Conditional Motion for Interlocutory Appeal, which are incorporated herein by reference in the interest of brevity.

[3]     The Complaint was filed after the Bankruptcy Court (i) granted derivative standing to the Plaintiffs to pursue potential avoidance claims specifically identified in the Report of Don A. Beskrone, Esquire (the "**Examiner's Report**"), the Examiner for the Bankruptcy Estate of Anderson News, LLC (the "**Debtor**") and (ii) "denied standing with prejudice to those claims the Examiner found to be meritless in the Examiner's Report."

Objectors requested that the Bankruptcy Court issue proposed findings of fact and conclusions of law recommending that the District Court grant summary judgment on Count XVI of the Complaint.[4]

After briefing and oral argument on June 11, 2015, and notwithstanding Movant's lack of consent to the entry of an order by the Bankruptcy Court, the Bankruptcy Court issued an order denying the Motion for Summary Judgment (D.I. 251).   On June 18, 2015, the Rule 9033 Objectors moved to alter and amend to request changes to the June 11, 2015 Order (D.I. 255, 256) (the "**Motion to Alter and Amend**").[5]

Although the Bankruptcy Court granted the June 18, 2015 Motion to Alter and Amend, in part, the continued inclusion of a finding that "this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)" without recognition of the fact that under *Arkison*, the ruling can only be proposed findings of fact and conclusions of law, formed the sole basis for the Rule 9033 Objection and

---

[4]     Specifically, the first page of the Motion for Summary Judgment on Count XVI states the following:

> For the reasons set forth in the Brief in Support of the Rule 7056 Motion filed contemporaneously herewith, the Rule 7056 Movants request that the Bankruptcy Court enter proposed findings of fact and conclusions of law recommending that the District Court grant summary judgment in their favor on Count XVI, and that the District Court then issue a final order granting the Rule 7056 Movants summary judgment on Count XVI.

The Conclusion in the Brief in Support of the Motion for Summary Judgment on Count XVI stated that:

> The [Movants] are entitled to have the Bankruptcy Court issue proposed findings of fact and conclusions of law recommending that the District Court grant summary judgment on Count XVI, and that the District Court then issue a final order granting the [Movants] summary judgment on Count XVI.

[5]     Additionally, on June 18, 2015, the Movants moved to (i) extend the time period to object to the June 11, 2015 Order for 21 days as contemplated by Rule 9033(c) and (ii) to shorten the time that the Plaintiffs had to respond to the Motion to Alter and Amend.   The Plaintiffs consented to the relief.   Accordingly, the Bankruptcy Court entered an order granting the relief that afternoon (the "**June 18, 2015 Order**") (D.I. 260).

the Conditional Interlocutory Appeal Motion.[6]

On July 15, 2015, the Rule 9033 Objectors filed their Rule 9033 Objection in the Adversary Proceeding (D.I. 266) and on July 21, 2015 filed the Conditional Interlocutory Appeal Motion (D.I. 268). These filings substantively sought to ensure the same relief, which is a recognition that the claims asserted against the Rule 9033 Objectors are non-core under the controlling precedent of *Arkison* and that the Bankruptcy Court can thus only enter proposed findings of fact and conclusions of law.

The Conditional Interlocutory Appeal Motion expressly provided that it was a precautionary filing because the Rule 9033 Objectors believe that Bankruptcy Rule 9033 is applicable under *Arkison*, and thus maintained that the Conditional Interlocutory Appeal Motion should be considered if, and only if, the District Court determines that the procedures of Bankruptcy Rule 9033 do not apply to the July 8, 2015 Order for any reason.

The common question involved in the Conditional Interlocutory Appeal Motion and Rule 9033 Objection is whether under the controlling decision in *Arkison*, the language in the July 8, 2015 Order stating that the issue before the Bankruptcy Court is "core" must be amended or deleted to recognize that when *Stern* claims are presented under *Arkison*, the matter is not core but is to be treated as being "non-core," and thus whether the July 8, 2015 Order must be recast as proposed findings of facts and conclusions of law.

The Court's August 20, 2015 Order denied the Rule 9033 Objectors' Rule 9033 Objection and denied the Conditional Interlocutory Appeal Motion.

---

[6]     In granting the Motion to Alter and Amend, in part, the Bankruptcy Court deleted the provision in the June 11, 2015 Order that "the Court has judicial power to enter a final order."

### III.    LEGAL ARGUMENT

a.    The Legal Standard to Evaluate a Motion for Reconsideration.

The Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied,* 476 U.S. 1171 (1986).  A court should grant a motion to reconsider "if the moving party establishes one of three grounds: (1) there is newly available evidence; (2) an intervening change in the controlling law; or (3) there is a need to correct a clear error of law or prevent manifest injustice." *Drake v. Steamfitters Local Union No. 420,* No. 97–585, 1998 WL 564486, at *3 (E.D. Pa. Sept. 3, 1998), *aff'd,* 242 F.3d 370 (3d Cir. 2000).

"A motion to reconsider is appropriate where the court has misapprehended either a party's position or the facts or the law, or where the court has decided issues other than those presented for determination by the parties." *In re Armstrong Store Fixtures Corp.*, 139 B.R. 347, 349 (Bankr. W.D. Pa. 1992) (citing *Refrigeration Sales Co. v. Mitchell–Jackson, Inc.,* 605 F. Supp. 6, 7 (N.D. Ill. 1983), *aff'd* 770 F.2d 98 (7th Cir. 1985)).  *See Sabatini v. Its Amore Corp.,* 455 Fed. App'x. 251, 254 (3d Cir. 2011) (motion for reconsideration properly granted where new evidence was not new but refusal to reconsider would result in manifest injustice); *Mobil Oil Corp. v. Amoco Chems. Corp.,* 915 F. Supp. 1333, 1377 (D. Del. 1995) (granting motion to amend damage award to prevent manifest injustice when prevailing patentee failed to introduce proper calculations and court's determination applied wrong measure); *Atlantic States Legal Found., Inc. v. Karg Bros., Inc.,* 841 F. Supp. 51, 53 (N.D.N.Y. 1993) (grant of reconsideration motion proper to prevent obvious injustice); *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997) (motion for reconsideration properly granted where order denying enforcement of subpoena was based on court's erroneous understanding of relevance of information sought).

The moving party must show more than mere disappointment or pique with the Court's ruling in order for reconsideration to be granted. *Burger King Corp. v. New England Hood & Duct Cleaning Co.*, No. 98-3610, 2000 WL 133756, at *2 (E.D. Pa. Feb. 4, 2000).

      b.    <u>Reconsideration Is Necessary To Prevent Manifest Injustice And Correct A Clear Error Of Law</u>

This Court's August 20, 2015 Order denies the Rule 9033 Objectors' Rule 9033 Objection "because the July 8 2015 Order does not represent the Bankruptcy Court's proposed findings of fact or conclusions of law." The August 20, 2015 Order goes on to state that the Rule 9033 Objectors' "premise that the July 8, 2015 Order somehow creates a *Stern* conflict is misplaced" as *Stern* only concerns final judgments, and the July 8, 2015 Order was an interlocutory order. Respectfully, this statement represents a clear error of law.

The import of the District Court's decision is that it impermissibly expands the bankruptcy court's ability to hear and rule on dispositive motions (a clear error of law) and abridges a party's access to *de novo* review by an Article III judge (a manifest injustice) all in violation of the United States Constitution and controlling Supreme Court authority.

The Supreme Court and at least ten circuit courts have carefully examined the limits of an Article I judge's authority under the Constitution in the context of a magistrate judge.[7] They all reached the same conclusion—the parties must consent to the authority of the Article I judge. *See, e.g.*, *Wharton-Thomas v. United States*, 721 F.2d 922, 926 (3d Cir. 1983)("The lack of

---

[7]    *Roell v. Withrow*, 538 U.S. 580 (2003); *Goldstein v. Kelleher*, 728 F.2d 32, 34-35 (1st Cir. 1984); *Collins v. Foreman*, 729 F.2d 108, 109 (2d Cir. 1984); *Wharton-Thomas v. United States*, 721 F.2d 922, 924-930 (3d Cir. 1983); *Gairola v. Va. Dep't of Gen. Servs.*, 753 F.2d 1281, 1284-85 (4th Cir. 1985); *Puryear v. Ede's, Ltd.*, 731 F.2d 1153, 1154 (5th Cir. 1984); *K.M.C. Co. v. Irving Trust Co.*, 757 F.2d 752, 755 (6th Cir. 1985); *Geras v. Lafayette Display Fixtures, Inc.*, 742 F.2d 1037, 1038 (7th Cir. 1984); *Lehman Bros. Kuhn Loeb, Inc. v. Clark Oil & Ref. Corp.*, 739 F.2d 1313, 1314 (8th Cir. 1984) (*en banc*); *Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc.*, 725 F.2d 537, 540 (9th Cir. 1984) (*en banc*); *Fields v. Wash. Metro. Area Transit Auth.*, 743 F.2d 890, 893 (D.C. Cir. 1984).

6

consent by the litigants is thus a critical element of *Northern Pipeline,* but in the case at hand there is consent—uncoerced and submitted pursuant to statutory safeguards.")

The Magistrate Act is informative in this regard.  28 U.S.C. § 636(b)(1)(A) explains that, "[n]otwithstanding any provision of law to the contrary, a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, *__except__* a motion for injunctive relief, for judgment on the pleadings, *__for summary judgment__*,…"  28 U.S.C. § 636(b)(1)(A) (emphasis added).  Section 636(b)(1)(B) then allows a Magistrate to "to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of any matter excepted in subsection A.  28 U.S.C. § 636(c) explains that "[u]pon the *__consent__* of the parties [a magistrate judge] may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves.  28 U.S.C. § 636(c) (emphasis added).  The Supreme Court recognized in *United States v. Raddatz*, 447 U.S. 667, 683 (1980), a case involving the reference of a criminal defendant's motion to suppress evidence to a magistrate over the defendant's objections "that delegation to a non-Article III judicial officer is permissible 'so long as the ultimate decision is made by the district court.'"  *Wharton-Thomas*, 721 F.2d at 927 (quoting *Raddatz*, 447 U.S. at 683).  Significantly with respect to this case, the determination at the time of a motion to suppress evidence is clearly interlocutory as it did not conclude the case, and it is for the same reason that the determination by an Article III Judge, even on an interlocutory ruling such as the denial of a dispositive motion here, is required.[8]

---

[8] The interlocutory nature of the motion to suppress is not impacted by the statutory structure of 28 U.S.C. § 636(b)(1) because *Raddatz* focused on the delegation to the non-Article

PHIL1 4860658v.2

A bankruptcy judge and a magistrate judge are both non-Article III judges, and their constitutional authority is directly related.   As such, the Supreme Court and other courts routinely analogize these sister Article I courts.   *See, e.g. Wellness; Dev. Specialists, Inc. v. Orrick, Herrington & Sutcliffe, LLP (In re Coudert Bros., LLP)*, No. 11-civ-6337(CM), 2011 WL 6780600, at *3-4 (S.D.N.Y. Dec. 23, 2011).

Magistrate judges cannot enter an order, granting or denying, on a motion for summary judgment without the consent of the parties.   Absent consent of the parties, magistrate judges are limited "to submit[ting] to a judge of the court proposed findings of fact and recommendations for the disposition" of any matter excepted in 28 U.S.C. § 636(b)(1)(A).

The August 20, 2015 Order therefore impermissibly grants the bankruptcy judge a much broader swath of constitutional authority upon one Article I judge (a bankruptcy judge) that the other (a magistrate judge) does not have.

The August 20, 2015 Order states on page 3 that the "Rule 9033 Objection is improper because the July 8, 2015 Order does not represent the Bankruptcy Court's proposed findings of fact or conclusions of law. (D.I. 1-2)."   It continues to state that "[t]he Bankruptcy Court neither styled the July 8, 2015 Order as such."   The Movants maintain that these conclusions are misplaced; the Bankruptcy Court cannot decide whether to call something an "order" or "proposed findings" and have that be binding on anyone under *Arkison*.   Rather, *Arkison* compels the bankruptcy court to only issue proposed findings of fact and conclusions of law to

---

III magistrate judge and recognized the necessity of the Article III review to be before the ruling was final.   For appellate purposes to a Circuit Court of Appeal, the determination would have to be final.

the District Court, which then reviews such proposed findings and conclusions *de novo*.[9]

The August 20, 2015 Order also misapprehended the law by indicating that there is "no constitutional constraint preventing it [the bankruptcy judge] from entering interlocutory orders." As discussed above, this position is inconsistent with the Magistrate's Act and *Arkison*. This determination removes the Constitutional entitlement that the Rule 9033 Objectors have to an Article III judge in the Adversary Proceeding where they did not consent to proceeding before the Bankruptcy Court.[10] As discussed below, the cases cited in this area in the August 20, 2015 Order were all decided before *Arkison* and *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015), and not one of them addressed the issue of the statutory structure which, respectfully, this Court also did not address.

The August 20, 2015 Order cites *In re White Beauty View, Inc.*, 841 F.2d 524, 526 (3d Cir. 1988)[11] (citing *In re Smith*, 735 F.2d 459, 461 (11th Cir. 1984)[12]) and *In re Coram*

---

[9]    The Rule 9033 Objectors are mindful that this Court may very well agree with the Bankruptcy Court's substantive conclusions in the Bankruptcy Court's July 8, 2015 Order. This Reconsideration Motion, and the Rule 9033 Objection and Conditional Interlocutory Appeal Motion that preceded it, are not attempts to have this Court reach a different substantive conclusion (although the Rule 9033 Objectors still believe that summary judgment in its favor was warranted). Rather, the purpose of these motions is to clearly preserve the Constitutional rights to have an Article III Court determine these issues as required by statute, the Constitution and the Supreme Court precedent cited herein. Similarly, *de novo* review mandated by *Arkison* may, but does not require, ultimate disagreement with the recommendation of the bankruptcy court. What it does require, however, is review without deference, and that is a very significant legal standard. *See United States v. Raddatz*, 447 U.S. at 683.

[10]   In the seminal case of *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989), the Supreme Court considered similar questions to those present here in concluding that even considerations of efficiency could not overcome Constitutional requirements in citing to *Bowsher v. Synar*, 478 U.S. 714, 736, 106 S. Ct. 3181, 3193, 92 L.Ed.2d 583 (1986) (" '[T]he fact that a given law or procedure is efficient, convenient, and useful in facilitating functions of government, standing alone, will not save it if it is contrary to the Constitution' "), quoting *INS v. Chadha,* 462 U.S. 919, 944, 103 S. Ct. 2764, 2780, 77 L.Ed.2d 317 (1983)"."

[11]   In *White Beauty*, the Third Circuit held that district court's affirmance of summary judgment was improper because the bankruptcy court's order "did not adjudicate all the claims in

---

*Healthcare Corp.*, 2007 WL 643325, at \*1 (D. Del. Mar. 1, 2007)[13] in support of the statement

that the Bankruptcy Court's order that denied summary judgement was not a final order for

appeals under 28 U.S.C. § 158(a).   The Movants do not dispute that an order denying summary

judgment is not a "final order for appeals under 28 U.S.C. § 158(a)."   What Movants take issue

with, and what these cases do not discuss, is the August 20, 2015 Order's statement that it "was

procedurally appropriate" that the Bankruptcy Court did not cast its July 8, 2015 Order as

proposed findings because it "was not a final order for purposes of bankruptcy appeals under 28

U.S.C. § 158(a)."   None of the cases cited support a determination that such a course of action is

"procedurally appropriate."   None of the cases cited deal with Bankruptcy Rule 9033, 28 U.S.C.

---

the adversary proceeding, the parties did not obtain certification under 7054, and the district
court did not grant leave to appeal the interlocutory appeal."   The Third Circuit held the district
court lacked jurisdiction, as did they.   The underlying litigation involved a Chapter 7 trustee
seeking to recover transfers from a bank that was paid on a mortgage by the debtor's principals.
Various principals were joined as defendants, and the bank crossclaimed against them for
indemnity, and the principals counterclaimed against the bank.   The Chapter 7 trustee moved for
summary judgment against the bank, asserting that the "disposition of this motion will not
conclude any issues concerning liability of the additional defendants."   The bankruptcy court
entered summary judgment against the bank in the amounts paid on the mortgage and note.   The
Circuit Court, looking to Rule 54(b), concluded the bankruptcy court had yet to resolve the claim
of the estate against the principals, their counterclaim, or the bank's cross claim.   Absent a Rule
7054 certification, the summary judgment against the bank was neither final nor appealable to
the district court.

[12]      In *Smith*, the Eleventh Circuit dismissed a debtor's appeal of order from district court
affirming the bankruptcy court's denial of summary judgment.   The Court explained that the
order denying the request for summary judgment was interlocutory and was not collateral to the
litigation.   There, the underlying litigation involved the debtor attempting to avoid a creditor's
lien on his principal residence.   The debtor filed the motion for summary judgment on the basis
that creditor failed to timely file its claim.    The bank had filed a cross motion for summary
judgment, but the Circuit noted the bankruptcy court never granted that motion, never entered an
order expressly allowing its lien, and never determined the amount of the proceeds the bank was
entitled to.    The only order entered was the denial of summary judgment and such an order was
"interlocutory in nature and is thus not appealable."

[13]      *In re Coram Healthcare* summarily states that denial of a motion to dismiss is not a final,
appealable order and does not elaborate further.   At issue there was a defendant's motion to
dismiss for lack of subject matter jurisdiction.

10

§ 157(c), or *Arkison* (which was decided after each of the cited cases) at all.  The reasoning in the August 20, 2015 Order incorrectly concludes that only those orders that are of the variety that are typically considered "final" are the ones that Bankruptcy Court must cast as proposed findings under *Arkison* and 28 U.S.C. § 157(c).  Such a premise is without support in the relevant case law or the statutes and ignores analogous case law decided in the magistrate context.

The August 20, 2015 Order also cites to *Boyd v. King Par, LLC*, No. 1:11-cv-1106, 2011 WL 5509873, at *2 (W.D. Mich. Nov. 10, 2011)[14] and *In re Trinsum Grp., Inc.*, 467 B.R. 734, 739 (Bankr. S.D.N.Y. 2012)[15] in support of its determination that "[e]ven if the Bankruptcy Court lacks constitutional authority to enter a final judgment on Count XVI of Plaintiffs' claim, there is no constitutional constraint preventing it from entering interlocutory orders, such as the

---

[14]    In *Boyd V. King*, the chapter 7 trustee filed an adversary proceeding asserting fraudulent transfers against an entity and individual (via alter ego liability).  The individual defendant filed a motion to withdraw the reference on the basis that he was entitled to jury trial and the bankruptcy court did not have jurisdiction to enter final judgment as to him.  The district court noted that there was no dispute that he had a right to a jury trial on the bankruptcy section 548 fraudulent transfer claims and held that if those claims did go to trial, the trial would have to be conducted in the district court.  However, the court held that "does not mean the bankruptcy reference must immediately be withdrawn." The court stated it would "leave this case with the bankruptcy court for pretrial proceedings" and "after discovery and the resolution of the motions, it appears that there are matters that require a jury trial, the bankruptcy court will advise this Court that the matter is ready for a final pretrial conference."

[15]    In *Trinsum,* the bankruptcy court issued an opinion dismissing with prejudice two counts of the four claims in the complaint, which alleged breaches of fiduciary duty, corporate waste, and gross negligence.  It also denied the distributing agent's motion for leave to amend with respect to those counts.  The distributing agent moved to modify the dismissal order under Fed. R. Civ. P. 52(b).  There only seven of the eleven former directors consented to the bankruptcy court's entry of final orders.  The court had entered partial judgment under Fed. R. Bankr. P. 7054 with respect to the dismissal of the two claims against the consenting directors.  The distributing agent argued that the dismissal order improperly prevented her from appealing it with respect to the four nonconsenting directors. She filed a timely notice of appeal with respect to the consenting parties. 28 U.S.C.S. § 158(a)(3) provided the parties with the path to seek review as to the nonconsenting directors. The dismissal order provided that, as to the nonconsenting directors, the dismissal order was interlocutory because it did not dispose of all claims in the amended complaint.

July 8, 2015 Order, regarding that same claim." Respectfully, this determination does not withstand scrutiny. First, both *Boyd* and *Trinsum Grp.* predate *Arkison* and *Wellness*, and therefore do not abide by the refinements and clarification they provided to *Stern*. Second, neither case holds that after *Arkison*, the fact that the bankruptcy judge can entertain pre-trial issues means that it can enter any orders to the exclusion of review by a fully vested and Constitutionally recognized Article III Judge. Under *Wellness*, this can only take place with consent, and there is no consent to the exercise of judicial power by the Article I judge in this case.

Third, the statutory structure makes it absolutely clear that the final order/non-final order distinction cannot be used to disentitle the Rule 9033 Objectors to substantive review of any determination by the Bankruptcy Court, whether final or not, by a Constitutionally vested Article III Judge. Under *Arkison*, in *Stern* matters such as the case *sub judice*, the *Stern* claims make the otherwise "core" issues be deemed to be "non-core" because of the absence of Article III judicial authority so that while the bankruptcy court cannot enter orders, it can enter proposed findings of fact and conclusions of law which are then subject to objection and mandatory *de novo* review under Bankruptcy Rule 9033. ***Neither the plain language of Rule 9033 nor 28 U.S.C. § 157(c)(1) contain a final order requirement***, and the constitutional issues raised by *Arkison, Wellness*, and *Stern* require and entitle the Rule 9033 Objectors substantive *de novo* review by an Article III Court whether or not a ruling is final.

Bankruptcy Rule 9033(a) states in relevant part "[i]n non-core proceedings heard pursuant to 28 U.S.C. §157(c)(1), the bankruptcy judge ***shall*** file proposed findings of fact and conclusions of law;" and 28 U.S.C. § 157(c)(1) states in relevant part "A bankruptcy judge may hear a proceeding that is ***not a core proceeding*** but that is otherwise related to a case under title

12

11.   In *__such proceeding, the bankruptcy judge shall submit proposed findings of fact and__ __conclusions of law to the district court__*," (emphasis added).  *See United States v. Ron Pair Enters.*, *Inc.*, 489 U.S. 235, 241-242 (1989).  Neither the statute nor the rule say, as the August 20, 2015 Order would indicate, that the requirements of submission of proposed findings of fact and conclusions of law only apply to final determinations, and the Supreme Court's analysis in *Ron Pair* makes the placing of the comma in Section 157(c)(1) significant.

The deficiencies in the jurisdiction on the Bankruptcy Court is nothing new, and 28 U.S.C. §157(c)(1) was enacted as part of the response to the Supreme Court's decision in *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50 (1982) to try to address the Constitutional infirmities of the exercise of the judicial power of the United States by the Bankruptcy Judge as a non-Article III Judge.  The full text set out below of 28 U.S.C. §157(c)(1) makes this abundantly clear, and this Court did not address this at all in its August 20, 2015 Order.

> 28 U.S.C. §157(c)(1)        A bankruptcy judge *may hear a proceeding that is not a core proceeding* [and under *Arkison*, *Stern* matters are deemed to be non-core] but that is otherwise related to a case under title 11. In such proceeding, *the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court,* and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected. (emphasis added)

The comma after the clause "*the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court,*" and before the section of the statute dealing with the entry of final orders is (i) consistent with structure of the Magistrates Act because it is illogical to conclude that the bankruptcy judge can do more than a magistrate judge, and (ii) consistent with the Constitutional limitations that continue to apply to bankruptcy judges as non-Article III judges that have adhered from *Raddatz* to *Marathon,* and through to *Stern*, *Arkison*,

13

and *Wellness*.  Plus, under applicable principles of statutory interpretation set forth in *Ron Pair*, the result that non-final determinations of bankruptcy judges are to be substantively and materially reviewed is completely logical because it is in accord with limitations that apply to magistrate judges.  What is not logical is that absent consent, under the August 20, 2015 Order a bankruptcy judge is freely able to ***deny*** a dispositive motion with absolutely no review of that determination by an Article III judge, but a bankruptcy judge is only be able to ***grant*** a dispositive motion with review by an Article III judge.  The problem inherent in such a result does not need explanation beyond reference to 28 U.S.C. § 636(b)(1) which is discussed above.

Reconsideration is also necessary because allowing the Bankruptcy Court to enter any orders on dispositive motions such as the Rule 9033 Objectors' Motion for Summary Judgment, creates a manifest injustice because this Court's August 20, 2015 Order vests the Bankruptcy Court with authority that is impermissible and abridges the Rule 9033 Objectors' Constitutionally protected rights to be before an Article III judge.

Reconsideration is appropriate here because allowing the Bankruptcy Court to enter an order denying the Rule 9033 Objectors' Motion for Summary Judgment is a clear error of law in that it impermissibly expands the scope of an Article I bankruptcy judge's constitutional authority.  Altering the ruling is also necessary to prevent manifest injustice because the Bankruptcy Court lacks the judicial authority under *Stern, Arkison,* and *Wellness* to issue any order of any kind with respect to such a motion and the Rule 9033 Objectors have a constitutional right to proceed before an Article III judge for review of any determination which must be, as a matter of law, proposed findings and recommendations and cannot be an order.

## IV.  <u>CONCLUSION</u>

For the reasons set forth above, the August 20, 2015 Order should be reconsidered and the Court should grant such other and further relief as is just and proper.

14

## STATEMENT REGARDING COMPLIANCE WITH LOCAL RULE 7.1.1

Pursuant to D. Del. LR 7.1.1, on August 31, 2015, the Rule 9033 Objectors' counsel contacted Plaintiffs' counsel to confirm that the Plaintiffs opposed the relief sought in the Reconsideration Motion.  The Plaintiffs have indicated that they oppose the request in the Reconsideration Motion.

Dated:  September 2, 2015
Wilmington, Delaware

*/s/ Domenic E. Pacitti*

**KLEHR HARRISON HARVEY &
BRANZBURG LLP**
Domenic E. Pacitti (Bar No. 3989)
919 Market Street, Suite 1000
Wilmington, Delaware 19801-3062
Telephone:     (302) 552-5511
Facsimile:      (302) 426-9193

Morton R. Branzburg
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Telephone: (215) 568-6060
Facsimile: (215) 568-6603

– and –

ALSTON & BIRD LLP
Grant T. Stein
David A. Wender
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777

*Counsel to Anderson Media Corporation,
Anderson News Company Southwest, LLC,
Anderson Services, LLC, Brookvale Holdings,
LLC, and First Media Capital Corporation*

PHIL1 4860658v.2