IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ANDERSON NEWS, LLC, | Bankr. Case No. 09-10695-CSS |
| Debtor. | |
| AMERICAN MEDIA INC., *et al.*, | |
| | Adv. No. 11-53811-CSS |
| Plaintiffs, | |
| v. | Misc. No. 15-199-LPS |
| ANDERSON MANAGEMENT SERVICES, INC, *et al.*, | |
| Defendants. | |

## MEMORANDUM

Pending before the Court is Defendants' motion for reconsideration (D.I. 7, 8) ("Motion for Reconsideration") of the Court's decision, *Am. Media, Inc. v. Anderson Mgmt. Servs., Inc. (In re Anderson News, LLC),* 2015 WL 4966236 (D. Del. Aug. 19, 2015) ("Memorandum Order"), which (i) dismissed Defendants' objection pursuant to Federal Rule of Bankruptcy Procedure 9033(b) (D.I. 5) ("9033 Objection") to the Bankruptcy Court's order denying summary judgment, and (ii) denied Defendant's conditional motion to allow interlocutory appeal of same (D.I. 1) ("Conditional Motion"). The Court has considered the parties' briefs. (D.I. 7, 8, 10, 11) No party has requested oral argument. Because the facts and legal arguments are adequately presented in the briefs and record, the Court has determined that the decisional process would not be significantly aided by oral argument. For the reasons that follow, the Court will deny the Motion for Reconsideration.

## I. BACKGROUND

Plaintiffs are a group of creditors in the above-captioned bankruptcy case that filed a complaint (Adv. D.I. 1)[1] against Defendants seeking, *inter alia*, to avoid certain allegedly fraudulent

---

[1] The docket of the adversary proceeding, *Am. Media, Inc. v. Anderson Mgmt. Servs., Inc*., Adv. No. 11-53811-CSS (Bankr. D. Del.), is cited herein as "Adv. D.I. __."

1

transfers. In December 2011, Defendants moved to withdraw the reference of the adversary proceeding to this Court (Civ. No. 12-238-LPS, D.I. 1) ("Withdrawal Motion"). The Court ordered:

> [T]he Withdrawal Motion [] is DENIED WITHOUT PREJUDICE to renew when the case is ready for trial. More specifically, the bankruptcy judge assigned to this adversary proceeding **shall manage the discovery process and any motion practice**. A renewed motion for withdrawal of the reference will be considered only when the parties (through stipulation) or the bankruptcy judge (through a decision) identify the genuine issues of material fact which should be tried to a jury.

(*Id.,* D.I. 20 at 4 (internal footnotes omitted; emphasis added)) Defendants moved for reconsideration of the Court's order on the Withdrawal Motion, which the Court denied. (*Id.,* D.I. 27)[2]

On December 12, 2014, Defendant filed a motion for summary judgment as to Count XVI of the complaint on the basis that "the discovery responses provided to date establish that the Plaintiffs cannot introduce facts to support Count XVI of the Complaint and that Summary Judgment in favor of [Defendants] is required as a matter of law." (Adv. D.I. 195-1 at 1-2) ("Summary Judgment Motion") Defendants argued that Plaintiffs had failed to identify, within the timeframe agreed by the parties in a scheduling order, the transfers at issue "by date, amount, and transferee." (*Id*. at 2)

---

[2] The Court also quoted a prior ruling by Judge Andrews, who had recently held:

> The District Court as a whole has decided that *Stern v. Marshall*, 131 S.Ct. 2594 (2011), does not mean that the Bankruptcy Court judges should not handle issues over which they do not have Article III jurisdiction. *See* Amended Standing Order of Reference dated February 9, 2012. The Court's understanding is that there is benefit to having the Bankruptcy Court handle all matters relating to a bankruptcy, including ones over which the Court does not have jurisdiction.

(Civ. No. 12-238-LPS D.I. 27 at 5 (citing *Chorman v. Foamex Int'l Inc*., Civ. No. 12-283-RGA, D.I. 15; and *State of Ohio, Dep't of Taxation v. Appleseed's Intermediate Holdings LLC*, Civ. No. 11-1301-RGA D.I. 27 (stating same and adding "[t]he Court accepts that the District Court will have to enter final judgment in this case"))

The Summary Judgment Motion requested that "the Bankruptcy Court enter proposed findings of fact and conclusions of law recommending that the District Court grant summary judgment on Count XVI, and that the District Court then issue a final order." (*Id*. at 14)

Following oral argument on June 11, 2015, the Bankruptcy Court denied the Summary Judgment Motion, finding that Plaintiffs had complied with the specific and negotiated language of the scheduling order, and that "there's really not, at this point, a basis to pursue summary judgment." (Adv. D.I. 259, 6/11/15 Hr'g. Tr. at 43) The transcript reflects that the remainder of the hearing involved discussions as to the parties' next steps in managing the discovery process and identifying the transfers at issue. (*See id*. at 43-51) Thereafter, the Bankruptcy Court entered an order denying the Summary Judgment Motion "for the reasons set forth on the record at the hearing." (Adv. D.I. 251) ("June 11, 2015 Order")

Defendants subsequently filed a motion to alter or amend the June 11, 2015 Order because it contained the following two statements: (i) "this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)" and (ii) "the Court has judicial power to enter a final order." (Adv. D.I. 255, 256) Defendants argued that that Count XVI of the Complaint is a *Stern* claim[3] and that they had not consented to the Bankruptcy Court's authority to enter a final judgment. On June 11, 2015, the Bankruptcy Court vacated the June 11, 2015 Order and entered an amended order, which deleted the second of the two phrases: "the Court has judicial power to enter a final order." (Adv. D.I. 265)

---

[3] Referring to the type of claim recognized by *Stern v. Marshall*, 131 S.Ct. 2594 (2011). *See also Wellness Intern. Network, Ltd. v. Sharif*, 135 S.Ct. 1932, 1941 (2015) (describing "a claim designated for final adjudication in the bankruptcy court as a statutory matter, but prohibited from proceeding in that way as a constitutional matter"); *Executive Benefits Ins. Agency v. Arkison*, 134 S.Ct. 2165, 2172 (2014) ("If a matter is core [under 28 U.S.C. § 157(b)(1)], the statute empowers the bankruptcy judge to enter final judgment on the claim, subject to appellate review by the district court. If a matter is non-core, and the parties have not consented to final adjudication by the bankruptcy court, the bankruptcy judge must propose findings of fact and conclusions of law. Then, the district court must review the proceeding *de novo* and enter final judgment.").

("July 8, 2015 Order")

Defendants assert the Bankruptcy Court lacked authority to enter the interlocutory July 8, 2015 Order, and was instead required to vacate July 8, 2015 Order and submit proposed findings of fact and conclusions of law with a recommended disposition of the Summary Judgment Motion. Pursuant to Bankruptcy Rule 9033(b), Defendants filed objections to the Bankruptcy Court's findings and conclusions. (D.I. 5) Defendants also filed the Conditional Motion, seeking leave to appeal the July 8, 2015 Order, but requesting that the Court consider the Conditional Motion "if, and only if, the [Court] determines that the procedures of Bankruptcy Rule 9033 do not apply to the July 8, 2015 Order for any reason." (*See* D.I. 1 at 2) Essentially, the Conditional Motion and the 9033 Objection sought the same relief: (i) an order requiring that the language "this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)" contained in the July 8, 2015 Order be either deleted in its entirety or modified as follows: "this is a non-core proceeding pursuant to *Executive Benefits Insurance Agency v. Arkison,* 134 S.Ct. 2165 (2014) notwithstanding the fraudulent conveyance and other avoidance claims raised herein being nominally core under 28 U.S.C. § 157(b)(2);" and (ii) an order requiring that the July 8, 2015 Order be recast as "Proposed Findings of Fact and Conclusions of Law." (D.I. 1 at 2; D.I. 5 at 3)[4]

On August 20, 2015, the Court entered a Memorandum Order denying both the 9033

---

[4] Defendants argued: "Two other bankruptcy courts in this District have recognized that a bankruptcy court lacks the judicial power to enter a final order on matters such as those at issue in the [Summary Judgment Motion] when the parties involved have not consented to the bankruptcy court's jurisdiction." (D.I. 5 at 8) Defendants cited *Ultimate Escapes Holdings v. Tousignant (In re Ultimate Escapes Holdings, LLC)*, 2015 WL 1586644, at *3 (Bankr. D. Del. Feb. 5, 2015), but that case (unlike the instant case) involved a final judgment. Defendants also cited *SNMP Research Int'l, Inc. v. Nortel Networks Inc. (In re Nortel Networks, Inc.),* 2015 WL 3506697, at *3 (Bankr. D. Del. June 2, 2015), in which the Bankruptcy Court merely concluded that a party had not consented to the Bankruptcy Court's authority to issue final orders on the claims at issue in that adversary proceeding. Neither case dealt with an interlocutory, discovery/case management-related, non-final judgment order, as is at issue here.

Objection and the Conditional Motion. *See Anderson News*, 2015 WL 4966236 at *1.[5] In doing so, the Court noted that the July 8, 2015 Order, which denied Defendants' request for summary judgment, "was not a final order for purposes of bankruptcy appeals under 28 U.S.C. § 158(a)." (*Id.* at *1) The Court further rejected Defendants' argument that the July 8, 2015 Order somehow created a *Stern* conflict, stating: "Even if the Bankruptcy Court lacks constitutional authority to hear and enter a ***final*** judgment on Count XVI of Plaintiff's claim, there is no constitutional constraint preventing it from entering interlocutory orders, such as the July 8, 2015 Order, regarding that same claim." (*Id.* at *2) (quoting *Arkison*, 134 S. Ct. at 2172-73 ("By definition, a *Stern* claim may not be adjudicated to final judgment by the bankruptcy court, as in a typical core proceeding.") and *In re Trinsum Grp., Inc.*, 467 B.R. 734, 739 (Bankr. S.D.N.Y. 2012) ("After *Stern*[,] the ability of bankruptcy judges to enter interlocutory orders in non-core proceedings, or in core proceedings as to which the bankruptcy court may not enter final orders or judgments consistent with Article III absent consent, has been reaffirmed by the courts . . . ."). Finally, the Court determined that Defendants had not met their burden to demonstrate that an appeal would involve a controlling question of law for which there are substantial grounds for a difference of opinion, and, therefore, denied the Conditional Motion for leave to appeal the interlocutory order. (*Id.* at *2)

On September 2, 2015, Defendants filed the Motion for Reconsideration of the Memorandum Order. (D.I. 6) The adversary proceeding remains pending.[6]

---

[5] The Memorandum Order also denied Defendants' Motion to Consolidate (D.I. 4) the 9033 Objection and Conditional Motion as moot. *Anderson News*, 2015 WL 4966236 at *1.

[6] The docket reflects that, on January 29, 2016, the Bankruptcy Court assigned the adversary proceeding to mediation and appointed a mediator. (*See* Adv. D.I. 295) On February 4, 2016, the attorney appointed as mediator filed a notice of his inability to serve as mediator in the proceeding. (*See* Adv. D.I. 298) On April 13, 2017, plaintiffs filed a status report indicating the status of the adversary proceeding as "discovery underway" and noting that "[t]he parties are discussing the selection of an alternate mediator." (Adv. D.I. 308) More recent docket entries, filed on June 12, 2017 and July 27, 2017, respectively, indicate that the parties' "[p]rior status with respect to appointment of a mediator remains unchanged." (Adv. D.I. 309, 310) In March 2018, the Court

## II. PARTIES' CONTENTIONS

Defendants argue that reconsideration of the Memorandum Order is necessary "to prevent manifest injustice" and to address a "clear error of law" because the Memorandum Order "deprived [Defendants] of their Constitutional right to proceed before an Article III Judge and failed to comport with the controlling Supreme Court decision in [*Arkison*]." (D.I. 8 at 2) In *Arkison*, the Supreme Court held that when a bankruptcy court is presented with a claim statutorily designated as core but over which it lacks constitutional authority to finally adjudicate, a so-called "*Stern* claim," the bankruptcy court is to issue proposed findings of fact and conclusions of law to the district court, as it would when hearing non-core claims. *See Arkison*, 134 S.Ct. at 2170 (referring to 28 U.S.C. § 157(c)(1)). Based on *Arkison*, Defendants argue "the Bankruptcy Court does not have authority to enter any order on motions without those determinations being subject to *de novo* review as proposed findings and conclusions" – including, according to Defendants, an interlocutory order denying a motion for summary judgment. (D.I. 11 at 2)

Plaintiffs counter that Defendants' view is at odds with the Court's clear direction that the Bankruptcy Court was to handle this case until the identification of "genuine issues of material fact to be tried by a jury." (D.I. 10 at 6) Plaintiffs further argue that the Memorandum Opinion "is wholly consistent with all recent decisions on point" and that Defendants have failed to establish grounds for reconsideration. (*Id*. at 7)

## III. LEGAL STANDARDS

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Kabacinski v. Bostrom Seating, Inc.,* 98 F. App'x 78, 81 (3d Cir. 2004) (quoting *Harsco Corp. v. Zlotnick,* 779 F.2d 906, 999 (3d Cir. 1985). A motion to

---

directed the parties to file a joint status report (D.I. 12), which they did on March 16 (D.I. 13), advising the Court that their dispute is still ripe for judicial resolution (*see id.*).

reconsider an order may be granted if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued the ruling; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999). The standard that a movant "must meet to prevail on a motion for reconsideration is high." *Zokaites Properties LP v. La Mesa Racing, LLC,* 2011 WL 2293283, at *1 (W.D. Pa. June 9, 2011) (citing *Berry v. Jacobs IMC, LLC,* 99 F. App'x 405, 410 (3d Cir. 2004)). "A party's mere disagreement with the Court does not translate into the type of clear error of law which justifies reconsideration of a ruling." *Zokaites,* 2011 WL 2293283, at *1; *see also Dare Invs., LLC v. Chi. Title Ins. Co.,* 2011WL5513196, at *5 (D.N.J. Nov. 10, 2011) (mere disagreement with decision will not suffice). Moreover, reargument and reconsideration requests are not an opportunity for "endless debate between the parties and the Court." *Brambles USA, Inc. v. Blocker,* 735 F. Supp. 1239, 1240 (D. Del. 1990) (internal citations omitted). Reargument should not be granted where it would merely "allow wasteful repetition of arguments already briefed, considered, and decided." *Id.* (citing *Weissman v. Fruchtman,* 124 F.R.D. 559, 560 (S.D.N.Y. 1989)).

**IV.     DISCUSSION**

In its July 8, 2015 Order, the Bankruptcy Court removed from its June 11 Order the finding that "the Court has judicial power to enter a final order." Thus, the only language at issue is: "this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)." (Adv. D.I. 265) Defendants interpret the July 8, 2015 Order as erroneously finding that it possesses authority to enter final judgment on Count XVI. Defendants argue that "the language must be amended or deleted to recognize that when *Stern* claims are presented under *Arkison*, the matter is not core but is to be treated as "non-core," and in such instance "the Bankruptcy Court can thus only enter proposed findings of fact and

7

conclusions of law." (D.I. 1 at 3-5; D.I. 5 at 2-4)

The July 8, 2015 Order states that the claims are core under 28 U.S.C. § 157(b)(2). Section 157(b)(2), which lists "core" claims, includes claims for fraudulent conveyance. *See* 28 U.S.C. § 157(b)(2)(H). Defendants have conceded that the "core" label is, thus, "[n]ominally" correct. (D.I. 5 at 2)

Defendants' requested revision is not required. The July 8, 2015 Order does not address how the claims will be "treated." Nothing about the July 8, 2015 alters the fact that, regardless of whether Congress designated a claim for final adjudication by the Bankruptcy Court as a statutory matter under § 157(b), the Bankruptcy Court's adjudicatory authority is limited by Article III. *See Stern*, 131 S.Ct. at 2620; *Wellness,* 135 S.Ct at 1936 ("Article III forbids bankruptcy courts to enter a final judgment on claims that seek only to 'augment' the bankruptcy estate and would otherwise 'exis[t] without regard to any bankruptcy proceeding'.") (quoting *Stern*, 131 S.Ct. at 2618).

The Memorandum Order, like the July 8, 2015 Order, made no determination as to how Count XVI will be treated. Nor did the Memorandum Order agree or disagree with Defendants' contention that, to the extent Count XVI is a *Stern* claim – a claim designated for final adjudication in the bankruptcy court as a statutory matter, but prohibited from proceeding in that way as a constitutional matter – Count XVI must be, and will be, treated as non-core under *Arkison*. Although ostensibly a denial of a motion for summary judgment (and, thus, an interlocutory order and not a final judgment), scrutiny of the record and the context in which the ruling arose reflects that it was as much a discovery/case management decision.

Defendants further challenge the Memorandum Order for "impermissibly expand[ing] the bankruptcy court's ability to hear and rule on dispositive motions (a clear error of law) and abridg[ing] a party's access to *de novo* review by an Article III judge (a manifest injustice). (D.I. 8 at 6) The Court disagrees. Neither *Stern, Arkison, Wellness,* nor any other cases cited by

8

Defendants addressed how *Stern* claims affect non-final orders, such as the July 8, 2015 Order. *Stern* involved "the most prototypical exercise of judicial power: the entry of a ***final, binding judgment***" – and not, as here, an interlocutory order denying summary judgment. *Stern*, 131 S.Ct. at 2598. *Arkison* concerned the appeal of a bankruptcy court order granting of summary judgment in favor of the bankruptcy trustee "***on all claims***," including fraudulent conveyance claims. *See* 134 S.Ct. at 2169. In *Arkison*, the Supreme Court clarified that a bankruptcy court may oversee non-core claims but must submit proposed findings of fact and conclusions of law to the district court for *de novo* review and "***final adjudication***." *Id.* at 2172 (emphasis added). In *Wellness*, which also involved the appeal of a bankruptcy court's final adjudication of a claim, the Supreme Court held that Article III permits bankruptcy courts to adjudicate *Stern* claims with the parties' knowing and voluntary consent. *See* 135 S.Ct. at 1936.

Defendants' precise arguments were considered and rejected in *In re Yellowstone Mountain Club, LLC,* 2012 WL 2921012, at *4 (D. Mont. Jul. 17, 2012). The bankruptcy court in *Yellowstone* denied defendants' motion for summary judgment, which defendants asked the bankruptcy court to reconsider, seeking as relief the transmission of proposed findings of fact and conclusions of law pursuant to Bankruptcy Rule 9033(b). Relying on *Stern* and two other cases – *Ortiz v. Aurora Health Care, Inc. (In re Ortiz),* 665 F.3d 906 (7th Cir. 2011), and *Tabor v. Kelly (In re Davis)*, 2011 WL 5429095 (Bankr. W.D. Tenn. Oct. 5, 2011) – defendants characterized the order denying summary judgment as a "potentially dispositive motion" which the bankruptcy court lacked authority to decide. *See id.* at *3. The defendants in that case argued, as Defendants argue here, that the bankruptcy court's authority "is limited, at best, to submitting proposed findings of fact and conclusions of law to the District Court for de novo review." *Id*. The *Yellowstone* bankruptcy court rejected this argument, stating:

> *Stern v. Marshall, Ortiz* and *Davis,* which involved final, binding judgments, are distinguishable. This Court's Order denying

9

> Defendants' motion for summary judgment, which did not finally
> decide any of the claims asserted in this Adversary Proceeding, is
> interlocutory. The Order was not a final, binding judgment.
> Therefore, Defendants' expedited motion for reconsideration is
> denied.

*Id*. at *4. *See also In re Lancelot Inv. Fund, L.P.,* 467 B.R. 643, 646 n.1 (Bankr. N.D. Ill. 2012) (noting denial of summary judgment motion is not final order implicating bankruptcy court's authority, as non-Article III court, to enter final judgments); *In re Tri-Union Dev. Corp.*, 479 B.R. 425, 430 (Bankr. S.D. Tex. Sept. 3, 2012) (motion for partial summary judgment is interlocutory, so constitutional limitations on bankruptcy court's authority to enter final judgments are not implicated); *In re ATOM Instrument Corp.*, 478 B.R. 252, 255 (Bankr. S.D. Tex. 2012) (same).[7]

## V.   CONCLUSION

For the foregoing reasons, the Court will deny the Motion for Reconsideration. An appropriate Order follows.

May 23, 2018  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE

---

[7] Courts have similarly found the limitations imposed by *Stern* inapplicable in the context of the denial of a motion to dismiss. *See e.g., In re Lehman Bros. Holdings Inc.*, 469 B.R. 415, 424 (Bankr. S.D.N.Y. 2012) (holding that decision on motion to dismiss complaint for failure to state claim, being interlocutory in nature, did not implicate limitations imposed by *Stern* on bankruptcy court's authority to finally decide certain controversies; due to procedural character, any judicial determination of such motion at trial court level does not involve any factual findings and is always subject to *de novo* standard of appellate review); *In re TMG Liquidation Co.*, 2012 WL 4467553, at *1 (Bankr. D.S.C. 2012) (holding *Stern* is not implicated when dispositive motion is denied because no final order is issued); *In re Gulf Fleet Holdings, Inc.*, 491 B.R. 747, 790 (Bankr. W.D. La. 2013) (concluding that bankruptcy court had authority to enter order denying motion to dismiss under *Stern*).